

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-22-2005

# Johnstown v. Vora

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4699

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Johnstown v. Vora" (2005). *2005 Decisions*. Paper 1323.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1323

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-192                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4699
_____

CITY OF JOHNSTOWN

v.

CHANDAN S. VORA,

Appellant

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00221J)
District Judge: Honorable Gustave Diamond
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
March 31, 2005

BEFORE:    SLOVITER, NYGAARD AND FUENTES, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed   April 22, 2005   )
_____

OPINION
_____

PER CURIAM

    Chandan S. Vora appeals the September 22, 2004 order of the United States

District Court for the Western District of Pennsylvania dismissing pursuant to 28 U.S.C. §

1915(e)(2)(B) her "Petition for Removal" for lack of jurisdiction.  Vora also appeals the

October 27, November 17, and December 17, 2004 orders denying her motions to vacate.

In 2000, Chandan Vora filed a motion to proceed in forma pauperis and a "Petition for Removal," of a Pennsylvania municipal court criminal complaint charging Vora with obstruction of the administrative law and disorderly conduct arising out of Vora's interference with Public Works' employees' attempt to clean up her property pursuant to a state court order. On September 22, 2004, the District Court dismissed the removal petition, concluding that the "Petition for Removal" sought to attack a state court criminal proceeding over which the District Court had no jurisdiction and that the pleadings failed to state a claim upon which relief could be granted. On October 13, 2004, Vora moved to vacate the dismissal of her removal action, claiming that the ordinances that formed the basis for charges against her were unconstitutional, and that city officials violated her civil rights. By order entered October 27, 2004, the District Court treated the motion as a reconsideration motion and denied it for the same reasons set forth in its original dismissal order. Dr. Vora filed a timely motion to vacate the October 2004 order on November 8, 2004, which the District Court denied on November 17, 2004 on the same grounds it had denied her reconsideration motion. Vora filed her third motion to vacate on November 29, 2004, which the District Court denied on December 17, 2004. Vora filed a notice of appeal on December 16, 2004.[1]

_____

[1] We construe the notice of appeal as appealing from the District Court dismissal order and from the orders denying Vora's motions to vacate.

2

First, Vora's notice of appeal from the order dismissing the petition for removal is clearly untimely under Fed. R. App. P. 4(a)(1), as it was filed almost 2 months too late. The time-period prescribed for filing a notice of appeal is "mandatory and jurisdictional." Browder v. Director of Dep't of Corr., 434 U.S. 257, 264 (1978). In a civil case in which the United States is not a party, a notice of appeal must be filed within thirty (30) days of the date of entry of the final judgment or order appealed. Fed. R. App. P. 4(a)(1)(A). On September 22, 2004, the District Court granted in forma pauperis and dismissed the Vora's removal petition pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for lack of jurisdiction. Appellant's motions to vacate did not toll the appeals period because both were filed more than ten days after entry of the dismissal order. See Fed. R. App. P. 4(a)(4). Thus, Appellant had until October 26, 2004, to file a timely notice of appeal. Appellant did not file a notice of appeal until December 16, 2004, more than thirty days after entry of judgment. Accordingly, given the absence of a timely filed notice of appeal, the appeal of the District Court's September 22, 2004 order is dismissed for lack of appellate jurisdiction. Vora's appeal of the denial of the motions to vacate is timely, however, and thus, we have jurisdiction to consider the appeal of these orders.

Vora was granted leave to proceed in forma pauperis, and the appeal is now before the Court for determination pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), the Court must dismiss an appeal if it (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a

defendant with immunity. An action or appeal can be frivolous for either legal or factual reasons. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

After reviewing Vora's District Court pleadings and notice of appeal, we conclude that the District Court correctly denied all of the motions to vacate. Having found no legal merit to this cause, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).